IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:22-CR-205(7) |
| | § | |
| PATRICK SMITH | § | |
| | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE CHRISTOPHER R. WOLFE,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Judge pursuant to United States Code Title 28, Section 636(b)(1)(c), United States Code Title 18, Section 3401(i), the Court's standing Magistrate Referral Order, and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Patrick Smith's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

Smith was convicted of Conspiracy to Possess With Intent to Distribute at Least 100 Kilograms of Marijuana, a Schedule I Controlled Substance, in violation of Title 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii), on January 29, 2025, in the Western District of Texas – Waco Division, per the Honorable Alan D Albright. He was sentenced to time served, followed by five (5) years of supervised release. Special conditions were also ordered. Smith began his term of supervised release on January 29, 2025, in the Waco Division. Smith was

placed on the Location Monitoring Program for a period of 180 days, to be equipped with a GPS monitor and follow a 10 PM to 6 AM daily curfew, as ordered by the Honorable Alan D Albright on June 12, 2025. This additional special condition was requested after the previous probation officer received notice that Smith had been at a location, known for both criminal and gang activity, when an altercation ensued. Smith was shot in the right arm and survived the attack, but was reprimanded by the officer and reminded he cannot have contact with gang members. A curfew and a GPS tracker were therefore ordered at that time to monitor Smith's whereabouts.

On February 2, 2026, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging that Smith violated the terms of his supervision in the following ways:

**Violation Number 1:** Smith violated his special condition, in that on or about February 1, 2026, Smith communicated and interacted with a known "Killers Wit Aggression" ("KWA") gang associate. On February 1, 2026, Smith was seen on video footage running away from a shooting scene with Keyonte Nealy, who is a person known to local law enforcement as someone who associates with known KWA members. Nealy was also later found to be in possession of a misdemeanor amount of marijuana, noted as a "sharable" amount.

**Violation Number 2:** Smith violated mandatory condition number 1, in that on or about February 1, 2026, Smith knowingly made false statements to a peace officer or federal special investigator that is material to a criminal investigation, with the intent to deceive the officer or investigator, in violation of T.P.C. § 37.08, a class "B" misdemeanor. On said date, video surveillance footage from a residence located in Temple, Texas, shows a shooting incident in which Smith is running and falls forward on the street, sustaining an injury, while gunshots can be heard in the video. It was observed that Smith's friend was shot in the shoulder. Smith previously told investigators that they were victims of a shooting incident that occurred at a club located in Killeen, Texas, which was not true.

**Violation Number 3:** Smith violated mandatory condition number 3, in that on or about November 17, 2025, he used an unlawful controlled substance, to wit: marijuana. Smith submitted a urine specimen on November 17, 2025, that tested positive for use and possession of marijuana. Smith told the probation officer he had not used marijuana, but admitted he had been around others that were

smoking the substance.

**Violation Number 4:** Smith violated standard condition number 10, in that on or about February 1, 2026, he possessed a firearm. Smith is seen on video surveillance footage dated February 1, 2026, running away from a residential scene in which gunshots can be heard, and Smith is observed possessing an unknown firearm while fleeing the scene.

**Violation Number 5**: Smith violated standard condition number 14, in that on or about February 2, 2026, he failed to pay his fine and special assessment. Smith has failed to pay his $100.00 special assessment as ordered, and has a remaining balance of $90.00. He had also failed to pay his $100.00 fine as ordered, and has a remaining balance of $100.00. He last made a payment towards court fees on November 6, 2025.

On June 9, 2026, the Court held a hearing on the petition. At the hearing, the Government verbally abandoned Violation Number 4. At the hearing, Smith pled **TRUE** to the remaining violations. The petition contained a sufficient factual basis to support a plea of **TRUE**.

## II. FINDINGS OF THE COURT

Based on Smith's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1. Smith violated the conditions of his supervision as alleged in the petition.

2. Smith was competent to make the decision to enter a plea of **TRUE**.

3. Smith had both a factual and rational understanding of the proceedings against him.

4. Smith did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. Smith was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. Smith was sane and mentally competent to stand trial for these proceedings.

7.      Smith was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.      Smith received a copy of the petition naming him, and he either read it or had it read to him.

9.      Smith understood the petition and the charges alleged against him.

10.     Smith had a sufficient opportunity to discuss the petition and charges with his attorney.

11.     Smith was satisfied with the job his attorney has done and had no complaints about his attorney.

12.     Smith understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13.     Smith freely, intelligently, and voluntarily entered his plea of **TRUE**.

14.     Smith understood his statutory and constitutional rights and desired to waive them.

15.     The petition contains a sufficient factual basis to support Smith's pleas of **TRUE**.

### III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that Smith's supervised release be **REVOKED** and that he be sentenced to the following:

(1) an 11 month term of imprisonment, including credit for any time already served since his arrest; and

(2) no period of supervised release to follow.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

Page 4 of 5

being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 12th day of June, 2026.

_____
DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE